**EXHIBIT A**

**24 C.F.R. §§ 100.5 and 100.500 under 2020 Rule**

## 24 C.F.R. § 100.5

(a) It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States. No person shall be subjected to discrimination because of race, color, religion, sex, handicap, familial status, or national origin in the sale, rental, or advertising of dwellings, in the provision of brokerage services, or in the availability of residential real estate-related transactions.

 (b) This part provides the Department's interpretation of the coverage of the Fair Housing Act regarding discrimination related to the sale or rental of dwellings, the provision of services in connection therewith, and the availability of residential real estate-related transactions. The illustrations of unlawful housing discrimination in this part may be established by a practice's discriminatory effect, even if not motivated by discriminatory intent, and defenses and rebuttals to allegations of unlawful discriminatory effect may be made, consistent with the standards outlined in § 100.500. Guidance documents and other administrative actions and documents issued by HUD shall be consistent with the standards outlined in § 100.500.

(c) Nothing in this part relieves persons participating in a Federal or Federally-assisted program or activity from other requirements applicable to buildings and dwellings.

(d) Nothing in this part requires or encourages the collection of data with respect to race, color, religion, sex, handicap, familial status, or national origin.

## 24 C.F.R. § 100.500

(a) General. Liability may be established under the Fair Housing Act based on a specific policy's or practice's discriminatory effect on members of a protected class under the Fair Housing Act even if the specific practice was not motivated by a discriminatory intent.

(b) Pleading stage. At the pleading stage, to state a discriminatory effects claim based on an allegation that a specific, identifiable policy or practice has a discriminatory effect, a plaintiff or charging party (hereinafter, "plaintiff") must sufficiently plead facts to support each of the following elements:

> (1) That the challenged policy or practice is arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective such as a practical business, profit, policy consideration, or requirement of law;

> (2) That the challenged policy or practice has a disproportionately adverse effect on members of a protected class;

> (3) That there is a robust causal link between the challenged policy or practice and the adverse effect on members of a protected class, meaning that the specific policy or practice is the direct cause of the discriminatory effect;

(4) That the alleged disparity caused by the policy or practice is significant; and

(5) That there is a direct relation between the injury asserted and the injurious conduct alleged.

(c) Burdens of proof in discriminatory effect cases. The burdens of proof to establish that a policy or practice has a discriminatory effect, are as follows:

(1) A plaintiff must prove by the preponderance of the evidence each of the elements in paragraphs (b)(2) through (5) of this section.

(2) A defendant or responding party (hereinafter, "defendant") may rebut a plaintiff's allegation under (b)(1) of this section that the challenged policy or practice is arbitrary, artificial, and unnecessary by producing evidence showing that the challenged policy or practice advances a valid interest (or interests) and is therefore not arbitrary, artificial, and unnecessary.

(3) If a defendant rebuts a plaintiff's assertion under paragraph (c)(1) of this section, the plaintiff must prove by the preponderance of the evidence either that the interest (or interests) advanced by the defendant are not valid or that a less discriminatory policy or practice exists that would serve the defendant's identified interest (or interests) in an equally effective manner without imposing materially greater costs on, or creating other material burdens for, the defendant.

(d) Defenses. The following defenses are available to a defendant in a discriminatory effect case.

(1) Pleading stage. The defendant may establish that a plaintiff has failed to sufficiently plead facts to support an element of a prima facie case under paragraph (b) of this section, including by showing that the defendant's policy or practice was reasonably necessary to comply with a third-party requirement, such as a:

(i) Federal, state, or local law;

(ii) Binding or controlling court, arbitral, administrative order or opinion; or

(iii) Binding or controlling regulatory, administrative or government guidance or requirement.

(2) After the pleading stage. The defendant may establish that the plaintiff has failed to meet the burden of proof to establish a discriminatory effects claim under paragraph (c) of this section, by demonstrating any of the following:

(i) The policy or practice is intended to predict an occurrence of an outcome, the prediction represents a valid interest, and the outcome predicted by the policy or practice does not or would not have a disparate impact on protected classes compared to similarly situated individuals not part of the protected class, with respect to the allegations under paragraph (b). This is not an adequate defense, however, if the plaintiff demonstrates that an alternative, less discriminatory

2

policy or practice would result in the same outcome of the policy or practice, without imposing materially greater costs on, or creating other material burdens for the defendant.

(ii) The plaintiff has failed to establish that a policy or practice has a discriminatory effect under paragraph (c) of this section.

(iii) The defendant's policy or practice is reasonably necessary to comply with a third party requirement, such as a:

> (A) Federal, state, or local law;
>
> (B) Binding or controlling court, arbitral, administrative order or opinion; or
>
> (C) Binding or controlling regulatory, administrative, or government guidance or requirement.

(e) Business of insurance laws. Nothing in this section is intended to invalidate, impair, or supersede any law enacted by any state for the purpose of regulating the business of insurance.

(f) Remedies in discriminatory effect cases. In cases where liability is based solely on a discriminatory effect theory, remedies should be concentrated on eliminating or reforming the discriminatory practice so as to eliminate disparities between persons in a particular protected class and other persons. In administrative proceedings under 42 U.S.C. 3612(g) based solely on discriminatory effect theory, HUD will seek only equitable remedies, provided that where pecuniary damage is proved, HUD will seek compensatory damages or restitution; and provided further that HUD may pursue civil money penalties in discriminatory effect cases only where the defendant has previously been adjudged, within the last five years, to have committed unlawful housing discrimination under the Fair Housing Act, other than under this section.

(g) Severability. The framework of the burdens and defenses provisions are considered to be severable. If any provision is stayed or determined to be invalid or their applicability to any person or circumstances invalid, the remaining provisions shall be construed as to be given the maximum effect permitted by law.