## EXHIBIT B

## 24 C.F.R. §§ 100.5 and 100.500 under 2013 Rule

**24 C.F.R. § 100.5**

(a) It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States. No person shall be subjected to discrimination because of race, color, religion, sex, handicap, familial status, or national origin in the sale, rental, or advertising of dwellings, in the provision of brokerage services, or in the availability of residential real estate-related transactions.

(b) This part provides the Department's interpretation of the coverage of the Fair Housing Act regarding discrimination related to the sale or rental of dwellings, the provision of services in connection therewith, and the availability of residential real estate-related transactions. The illustrations of unlawful housing discrimination in this part may be established by a practice's discriminatory effect, even if not motivated by discriminatory intent, consistent with the standards outlined in § 100.500.

(c) Nothing in this part relieves persons participating in a Federal or Federally-assisted program or activity from other requirements applicable to buildings and dwellings.

**24 C.F.R. § 100.500**

Liability may be established under the Fair Housing Act based on a practice's discriminatory effect, as defined in paragraph (a) of this section, even if the practice was not motivated by a discriminatory intent. The practice may still be lawful if supported by a legally sufficient justification, as defined in paragraph (b) of this section. The burdens of proof for establishing a violation under this subpart are set forth in paragraph (c) of this section.

(a) Discriminatory effect. A practice has a discriminatory effect where it actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates segregated housing patterns because of race, color, religion, sex, handicap, familial status, or national origin.

(b) Legally sufficient justification.

    (1) A legally sufficient justification exists where the challenged practice:

        (i) Is necessary to achieve one or more substantial, legitimate, nondiscriminatory interests of the respondent, with respect to claims brought under 42 U.S.C. 3612, or defendant, with respect to claims brought under 42 U.S.C. 3613 or 3614; and

        (ii) Those interests could not be served by another practice that has a less discriminatory effect.

    (2) A legally sufficient justification must be supported by evidence and may not be hypothetical or speculative. The burdens of proof for establishing each of the two

elements of a legally sufficient justification are set forth in paragraphs (c)(2) and (c)(3) of this section.

(c) Burdens of proof in discriminatory effects cases.

(1) The charging party, with respect to a claim brought under 42 U.S.C. 3612, or the plaintiff, with respect to a claim brought under 42 U.S.C. 3613 or 3614, has the burden of proving that a challenged practice caused or predictably will cause a discriminatory effect.

(2) Once the charging party or plaintiff satisfies the burden of proof set forth in paragraph (c)(1) of this section, the respondent or defendant has the burden of proving that the challenged practice is necessary to achieve one or more substantial, legitimate, nondiscriminatory interests of the respondent or defendant.

(3) If the respondent or defendant satisfies the burden of proof set forth in paragraph (c)(2) of this section, the charging party or plaintiff may still prevail upon proving that the substantial, legitimate, nondiscriminatory interests supporting the challenged practice could be served by another practice that has a less discriminatory effect.

(d) Relationship to discriminatory intent. A demonstration that a practice is supported by a legally sufficient justification, as defined in paragraph (b) of this section, may not be used as a defense against a claim of intentional discrimination.