UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MASSACHUSETTS FAIR HOUSING CENTER and HOUSING WORKS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3:20-cv-11765 |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and BEN CARSON, Secretary of the Department of Housing and Urban Development, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF LEWIS FINFER

I, Lewis Finfer, upon my personal knowledge, and in accordance with 28 U.S.C. § 1746(2), declare as follows:

1. I am over the age of eighteen. This declaration is made based on my personal knowledge and business records kept by Massachusetts Communities Action Network ("MCAN").

2. I serve as the Co-Director of MCAN. MCAN is a network of faith-based community organizations in Massachusetts working for economic and racial justice. Our seven affiliates work across the state on issues of housing, education, employment, and criminal justice reform. Our Mission is to develop local power organizations that are vibrant and people-centered; multi-faith and values-rooted; multi-racial and racially-just; and capable of shaping decisions and narratives affecting our families and communities at the local, state and national levels.

3. In my role as Co-Director at MCAN, I lead statewide organizing efforts to expand tenants' rights, increase educational opportunity, increase immigrant rights, foster economic justice on wages and jobs training, fight for criminal justice reform, and reduce racial disparities in many issue areas.

MCAN's Housing and Lending Work

4. MCAN's housing work has recently focused on protecting Massachusetts tenants and homeowners from eviction and foreclosure during the COVID-19 pandemic. The organization was on a steering committee that worked for the passage of the statewide

1

moratorium bill that passed by the Legislature and was signed into law by Governor Baker in April 2020. We are working to continue and strengthen that legislation, as well as for the expansion of funding for emergency rental assistance.

5.  Since the pandemic first arrived in Massachusetts, MCAN has worked to leverage community voices through our Let Our People Go Campaign, which seeks to move responsive legislation through the State House and meet local needs throughout communities in the area of criminal justice reform.

6.  The organization has also advocated for program to support struggling homeowners, including a program to help unemployed homeowners in Massachusetts cover their mortgages and for forbearance to prevent foreclosures.

The Impact of the Challenged Rule on MCAN and its Client Communities

7.  On October 18, 2019, MCAN joined forty-five other consumer, housing, civil rights, labor and community organizations to express strong opposition to the proposed changes to the disparate impact standard in comments to the U.S. Department of Housing and Urban Development.

8.  I understand that HUD has now issued a final regulation on the disparate impact provisions of the Fair Housing Act (the "Final Rule"), and I have reviewed the rule.

9.  As an organization with a strong interest in ensuring ongoing access to sustainable homeownership, affordable housing, and credit for all individuals, MCAN is deeply concerned about the risk the Final Rule poses to the well-being, dignity, and equality of our client communities.

10. In response to financial crisis of 2007-08, which saw disproportionate foreclosures in Black and Hispanic neighborhoods, MCAN has undertaken organizing efforts around access to fair lending. MCAN participates in national work supporting fair lending and fair housing issues and has long opposed the weakening of the Community Reinvestment Act by bank regulators.

11. In response to the marketing and issuance of predatory loans to vulnerable communities, MCAN participated in negotiations with Santander Bank along with other community groups. These negotiations, which centered on a theory that Santander had engaged in disparate impact discrimination, led to a comprehensive lending initiative to increase access to financing for low to moderate income people through reinvestment in mortgages and other measures over a three-year period.

12. In particular, drawing upon the 2013 disparate impact rule and the 2015 Supreme Court decision in *Inclusive Communities*, MCAN has organized Massachusetts residents to oppose the subjective lending criteria employed by lenders, the imposition of unfair or excessive fees to low-income individuals or individuals of color, and the predatory

targeting of low-income communities of color by reverse mortgage providers and payday lenders.

13. This was done in the Santander Bank negotiations and signing on to numerous letters to federal banking and housing regulators that opposed the weakening of current laws that would harm to low- to moderate-income people, including many people of color.

14. By allowing defendants to evade liability if they use predictive tools or metrics to, for example, evaluate loan eligibility or assign an interest rate, the Final Rule effectively limits its application to disparate treatment cases. The availability of disparate impact claims is necessary to MCAN's organizing work, which draws attention to and seeks to change policies that, when overlaid on historical inequalities, operate to exclude immigrants and people of color from housing and lending opportunities.

15. MCAN, its members and its client communities will be gravely harmed if HUD's weakening of this critical enforcement tool comes into effect. Absent this tool, insurers, lenders, and housing providers will be able to covertly discriminate against our members and client communities with impunity. MCAN will be deprived of a central means of incentivizing these actors to examine extant disparities and implement fairer, more equitable policies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my information and belief.

DATED this __20__ day of September 2020, at Boston, Massachusetts.

_Lewis Finfer_

Lewis Finfer
Co-Director
Massachusetts Communities Action Network