UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| MASSACHUSETTS FAIR HOUSING CENTER,<br><br>HOUSING WORKS, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>BEN CARSON, Secretary of the U.S. Department of Housing and Urban Development,<br><br>    Defendants. | No. 3:20-cv-11765-MGM<br>The Hon. Mark G. Mastroianni |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS**

This Court should deny Plaintiffs' motion for leave to file supplemental declarations on the eve of this Court's October 16, 2020 hearing. Pls.' Mot. for Leave to File Reply Br. and Supplemental Decls., ECF No. 25. The declarations, which seek to shore up Plaintiffs' arguments in support of their motion to stay the effective date of HUD's Final Rule, are untimely; the facts should have been included in Plaintiffs' moving brief. This Court should not consider them now.

Plaintiffs have already had ample opportunity to marshal their evidence in support of a stay and cannot backfill their motion now. The Final Rule was published on HUD's website on September 3, 2020, in the Federal Register September 24, 2020, and first proposed more than two years ago.[1] *See* HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018); HUD, HUD's Implementation of the Fair Housing

---

[1] Indeed, a quick glance at Plaintiffs' proposed supplemental declarations reveals no information that could not have been included in the moving brief. *See generally* Proposed Supplemental Decl. of Armen Merjian, ECF No. 25-2; Proposed Supplemental Decl. of Meris Bergquist, ECF No. 25-3.

1

Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) (to be codified at 24 C.F.R. § 100.5(b), 100.70(d)(5), 100.120(b), 100.130(b), 100.500).

This Court should decline to consider Plaintiffs' new or "supplemental" facts in support of arguments raised or revised for the first time in their reply brief. *Accord Hilsinger Co. v. Kleen Concepts, LLC*, No. CV 14-14714-FDS, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017) ("It is well-settled that 'it is generally inappropriate for a moving party to advance new arguments and supporting facts in a reply brief.'" (*quoting United States v. Tsarnaev*, 2015 WL 45879, at *2 (D. Mass. Jan. 2, 2015))); *see also Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010) ("The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum." (citing *Wills v. Brown University,* 184 F.3d 20, 27 (1st Cir. 1999))); *Solta Med., Inc. v. Lumenis, Inc.*, 454 F. Supp. 3d 107, 112 (D. Mass. 2020) ("Because that legal argument was raised for the first time in a reply brief, it is considered waived for the purpose of the instant motion."); *NExTT Sols., LLC v. XOS Techs., Inc.*, 113 F. Supp. 3d 450, 458 (D. Mass. 2015); *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("We note that Gold raised a new argument, … as well as new factual matters for the first time in his reply brief. This he cannot do. It is well-settled that new arguments cannot be made for the first time in reply. This goes for new facts too."); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (declining to consider supplemental declarations and arguments raised for the first time in a reply in support of a motion for a preliminary injunction, including in support of plaintiffs' irreparable harm argument, because "[i]t is well established that new arguments and evidence presented for the first time in Reply are waived" and "the declarations address issues which should have been addressed in the opening brief").

Instead of belatedly adding to their theories of harm at the preliminary-injunction stage, Plaintiffs can raise their new theories and supporting facts in a later motion or brief. *See Noonan*, 723

F. Supp. 2d at 349 ("Although this court will allow Anglo a full and fair opportunity to raise the argument in a supporting memorandum to any timely filed future motion, the argument is waived as a means to support the pending motion to dismiss."); *see also NExTT Sols.*, 113 F. Supp. 3d at 458 (new argument "is considered waived for the purpose of the instant motion to dismiss although it may appropriately be repeated in a future dispositive motion").

Dated: October 15, 2020

                                                            Respectfully submitted,

                                                            JEFFREY BOSSERT CLARK
                                                            Acting Assistant Attorney General

| | |
|---|---|
| DANE M. NARODE<br>Acting Associate General Counsel | LESLEY FARBY<br>Assistant Branch Director |
| BATINA WILLS WASHINGTON<br>Assistant General Counsel, Assisted Housing and Civil Rights | <u>s/ Vinita B. Andrapalliyal.</u><br>JAMES D. TODD, JR.<br>VINITA B. ANDRAPALLIYAL |
| YOLANDA A. BRUCE<br>Trial Attorney | U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch |
| STEPHEN A. COBB<br>Trial Attorney | Ben Franklin Station<br>P.O. Box 883<br>Washington DC 20044 |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | (202) 514-3378<br>(202) 305-0845<br>james.todd@usdoj.gov<br>vinita.b.andrapalliyal@usdoj.gov |
| Of counsel | Attorneys for Defendants |

## CERTIFICATE OF SERVICE

      Pursuant to Fed. R. Civ. P. 5(b)(2)(E), Defendants effected service of this filing on all other parties to these actions by filing it with the Court's electronic filing system.

s/ Vinita B. Andrapalliyal<br>
VINITA B. ANDRAPALLIYAL